106 F.3d 442
 323 U.S.App.D.C. 173
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
WILLISTON BASIN INTERSTATE PIPELINE COMPANY, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
Northern States Power Company (Minnesota) and Western Gas
Resources, Inc., Intervenors.
 No. 94-1701, 96-1032, 96-1034, 96-1035.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 26, 1996.
 
 Before EDWARDS, Chief Judge, RUTH BADER GINSBURG and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 These petitions for review, having been briefed and argued, warrant only an abbreviated disposition pursuant to D.C.CIR.R. 36(b). The appeal concerns whether the Federal Energy Regulatory Commission properly extended relief from take-or-pay charges to all of Williston's customers receiving transportation service under a certificate issued by the Commission pursuant to Section 7(c) of the Natural Gas Act, 15 U.S.C. § 717(c), after it initially extended such relief only to KN Energy. We hold that the Commission's extension of relief was proper, and we therefore affirm the Commission's orders.
 
 
 2
 This proceeding was previously before this court in KN Energy v. FERC, 968 F.2d 1295 (D.C.Cir.1992), where we held that the Commission's orders did not contain a sufficient rationale for imposing take-or-pay costs on Williston's Section 7(c) customers. We remanded the case for "a clear statement from the Commission on how its ratemaking rationales apply to these customers." Id. at 1304. The Commission subsequently issued an order, on May 6, 1993, directing Williston to exempt KN Energy from the take-or-pay surcharge and to refund to it those surcharges it had already paid. Williston Basin Interstate Pipeline Co., 63 F.E.R.C. p 61,171 (1993). On November 3, 1993, the Commission also granted Northern States Power Company, another Section 7(c) transportation customer, the same relief it had earlier granted to KN Energy. Williston Basin Interstate Pipeline Co., 64 F.E.R.C. p 61,079 (1993); Williston Basin Interstate Pipeline Co., 65 F.E.R.C. p 61,183 (1993). Finally, following administrative proceedings, on August 2, 1995, the Commission granted Western Gas Resources the same relief it had already granted to KN Energy and Northern, and held that it would "entertain" requests for relief by Williston's other Section 7(c) customers if they were filed within thirty days of the order. Williston Basin Interstate Pipeline Co., 72 F.E.R.C. p 61,145, reh'g denied, 73 F.E.R.C. p 61,275 (1995). Williston argues that the Commission should not have granted relief to Western or the other Section 7(c) customers, since none sought rehearing of the May 1993 order, which was a final Commission determination.[1] The Commission, Williston contends, lacked authority to alter the May 1993 order after it became final.
 
 
 3
 The Commission possessed the authority to extend relief from take-or-pay surcharges to all Section 7(c) customers. The May 1993 order was only final with respect to KN. The order did not address the liability to any Section 7(c) customer other than KN Energy, and it did not implement KN Energy's directive to issue "a clear statement from the Commission" on how its ratemaking rationales apply to Section 7(c) customers. 968 F.2d at 1304. It therefore cannot be said that the May 1993 order "disposes of all significant disputed issues in the case on their merits and fixes the obligations of the parties." Papago Tribal Util. Auth. v. FERC, 628 F.2d 235, 239-40 (D.C.Cir.1980). The Commission was free to extend relief to other Section 7(c) customers in subsequent orders. Moreover, the Commission possesses broad remedial authority to correct errors in previous orders. Under 15 U.S.C. § 717o, it has the power to "prescribe, issue, make, amend, and rescind such orders, rules, and regulations as it may find necessary to carry out" the Natural Gas Act. And 15 U.S.C. § 717r(a) provides that so long as the record has not yet been filed with a court of appeals and the time for seeking judicial review has not yet expired, "the Commission may at any time, upon reasonable notice and in such manner as it shall deem proper, modify or set aside, in whole or in part, any finding or order made or issued by it under the provisions of this chapter." Since this proceeding remained open after the May 1993 order, the Commission could correct its prior legal errors.
 
 
 4
 We find that the Commission was entitled to relieve Western of responsibility from payment of take-or-pay charges and to permit other Section 7(c) customers to file for relief because the proceedings arising from the May 1993 order on remand, in which the Commission committed legal error, remained open. Therefore it is
 
 
 5
 ORDERED AND ADJUDGED, by the court, that the petitions for review are hereby denied.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C. CIR.R. 41.
 
 
 
 [1]
 Williston does not challenge the Commission's grant of relief to Northern